IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM C. GUTHRIE,

      Plaintiff,                                      05cv1716

v.                                     **ELECTRONICALLY FILED**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## Order of Court

Pending before this Court is defendant's motion to dismiss the complaint because plaintiff commenced his action approximately two (2) days after the time for instituting a civil action had expired.[1] According to defendant, this action is therefore untimely and should be dismissed. Although in most cases the Commissioner should determine whether to extend the 60 day time statute of limitations, the Court may extend the time for filing in cases, "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 481 (1986)(quoting *Matthews v. Eldridge*, 424 U.S. 319, 300 (1976)).

In this case, because plaintiff is of limited education and because this action has a lengthy procedural history dating back to 2000, including a prior appeal and remand to the commissioner

---

[1] Plaintiff had 60 days after receipt of the Appeals Council's notice denying his request for review, with an additional five days for mailing, to commence this action. The Appeals Council mailed the notice to plaintiff on October 7, 2005, and therefore, plaintiff had until December 11, 2005 to commence a civil action. However, because December 11, 2005, fell on a Sunday, plaintiff had until Monday, December 12, 2005 to commence the action. Plaintiff instead commenced this action by filing a motion for leave to proceed *in forma pauperis* on December 14, 2006, which this Court granted on December 16, 2005, and plaintiff filed his complaint on that same day.

by the district court in 2002, (02-cv-1219), the equities in this case weigh in favor of tolling the limitations period by two days. Further, as plaintiff notes, defendant received plaintiff's complaint on December 16, 2006, and was required to file a responsive pleading within 60 days; however, defendant did not file its motion to dismiss until March 10, 2006, which is at least 20 days beyond the deadline for a responsive pleading.

For these reasons, defendant's motion to dismiss (doc. no. 6) is DENIED.

SO ORDERED this 27th day of March, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Lewis P. McEwen, Esquire
Bogaty, McEwen & Sparks
234 West Pine Street
P.O. Box 510
Grove City, PA 16127

Jessica Smolar, Esquire
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219